MONTGOMERY CARL AKERS, PLAINTIFF
BOP # 02866-081, P.O. Box 8500
FLORENCE, Colorado 81226
IN PROPER PERSON

FILED
2008 MAY 14  PM 3:47
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NUNC PRO TUNC
MAY 12 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MONTGOMERY CARL AKERS,
BOP # 02866-081,

　　　　PLAINTIFF,

VS.

JACQUELYN E. ROKUSEK,
ET AL.,

　　　　DEFENDANTS.

CIVIL NO. 08-0725 H (WMC)

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS HONORABLE COURT'S ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. S.S. 1915(e)(2) AND 1915A(b) ENTERED ON APRIL 25, 2008

—1—

Comes now the plaintiff Montgomery Carl Akers, in proper person, with the above captioned motion for reconsideration and in so doing avers the following in support thereof:

I. This Honorable Court has erred in its factual determination of the underlying acts and actions of the defendants and their relationship to the conviction and sentence of Case No. 04-20089-KHV-1, <u>United States v. Akers</u>, District of Kansas, in 2006

The Honorable Marilyn L. Huff, presiding over this matter, is charged with initially screening complaints of prisoners under 28 U.S.C. 1915(a) to determine if the pleadings of a plaintiff arise certain

-2-

impediments in [t]he [p]leadings which would require sua sponte dismissal in a case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(B)(2); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."

-3-

Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

On April 28, 2008, the Clerk of the United States District Court, Southern District of California, mailed the Court's Order of April 25, 2008, which was received by the Plaintiff on May 05, 2008. The Plaintiff hereby invokes the "Prison Mailbox Rule" for time in filing this Motion for Reconsideration under the holdings of Suddith v. Arizona Atty. Gen., 921 F.2d 206, 207 (9th Cir. 1990).

First, the Court has taken out of context the factual pleadings of the

-4-

Plaintiff. (See Compl. @ 5.)

The Court has mischaracterized the person involved as the plaintiff. (See Compl. @ 5.) In fact, the person served with the search warrant was the plaintiff's partner and associate, Mr. Weekly. Mr. Weekly was told that the warrant pertained to "crimes in violation of federal law that originated in Leavenworth, Kansas, in the summer of 2007." (See Compl. @ 5.).

As well, the Court opines that the plaintiff was later charged and convicted of participating in a "check fraud scheme". (Id. @ 11). The Court has made erroneous

-5-

findings of fact(s) in the dismissal order of this case. <u>1</u>. Second, because the acts and action's which are the subject of the plaintiff's complaint in no way relate to his underlying conviction in the District of Kansas, the Court's

---

<u>1.</u> The plaintiff was convicted of one count of wire fraud in violation of 18 U.S.C.S. 1343 that allegedly occurred in Virginia in February, 2000, and Leavenworth, Kansas, in June, 2000. None of the acts and action's of the instant complaint in this court have any relation to the conviction and sentence involved in case no. 04-20089-KHV-7, District of Kansas. Sentence was imposed on case no. 04-20089-KHV on November 20, 2006. This case is now about to be voided by the United States Court of Appeals, Tenth Circuit, for the District Court and Prosecutor-Martin's lack of subject-matter jurisdiction. Defendant-Martin perpetrated fraud upon the grand jury that indicted the above case; and, the District and Appellate Court(s), to secure and maintain its case. -6-

reliance on its passage from <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) is misplaced. Taken out of context, this quote appears to demonstrate that <u>Heck</u> may be used for any conviction regardless of its relationship to the conduct alleged in the § 1983 "Bivens Action".

The United States Supreme Court recently held that one purpose behind <u>Heck</u> is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent standards for habeas actions. See <u>Muhammad v.</u>

-7-

<u>Close</u>, 540 U.S. 749, 751-52, 124 S.Ct. 1303 (2004) (per curiam). The starting point for the application of <u>Heck</u> then is the existence of an underlying conviction or sentence that is <u>tied to the alleged conduct in the Bivens action</u>. In other words, a Bivens action implicates <u>Heck</u> only as it relates to the conviction that it would be directly invalidating. (See <u>Butler v. Compton</u>, 482 F.3d 1277, 1279 (10th Cir. 2007).

<u>There is no such conviction here. The plaintiff was never convicted "in a check fraud scheme" at any time or anywhere</u>.

-8-

FURTHER, THE PLAINTIFF'S 117 NEGOTIABLE INSTRUMENTS SEIZED by THE DEFENDANT'S WERE DONE WITHOUT A LAWFUL WARRANT OR FEDERAL JURISDICTION.

WITH REGARD TO ASSISTANT U.S. ATTORNEY, KIM I. MARTIN, THE COURT HAS MISAPPLIED HER IMMUNITY STANDARD AS SHE WAS NOT ACTING IN A CAPACITY OF PRESENTING A CASE FOR PROSECUTION. THE PROSECUTOR IS NOT IMMUNE FROM ACTIONS WHICH SHE TAKES OUTSIDE OF HER LAWFUL JURISDICTION. SEE <u>IMBLER V. PACHTMAN</u>, 424 U.S. 409, 430-32 (1976)

AUSA-MARTIN, A DEFENDANT HEREIN,

-9-

is not, or has she ever been, assigned to the United States Attorney's Office in San Diego, California. Investigation has found AUSA-Martin was not authorized by any federal court or her superiors or any United States Attorney's Office in the United States to investigate and seize the contents of the pleadings in this case.

The remaining defendants must be held under the two step qualified immunity inquiry, which the court must accept the facts in the light most favorable

to the plaintiff. See <u>Mena v. City of Simi Valley</u>, 332 F.3d 1255, 1261 (9th Cir. 2003).

Taken in that light, the Court must decide if the facts alleged demonstrate that the defendant's conduct violated a constitutional right. <u>Id</u>. If a violation of a constitutional right is found, the Court must then determine whether or not the contours of the violated right were clearly established at the time of the violation. <u>Id</u>.

This Court has a sworn duty to properly consider the facts before it. The plaintiff

-11-

hereby moves this Honorable Court to reconsider its order dismissing the complaint in this case based upon its mis-characterizing the pleadings and application of immunity.

DATED: May 05, 2008

Respectfully Submitted,

/s/

Montgomery Carl Akers
Plaintiff, Pro Per

## CERTIFICATE OF SERVICE

The undersigned hereby deposits his Motion for Reconsideration in the prison mailbox, postage prepaid, for delivery in the U.S. Mail, this 5th day of May, 2008, to:

Clerk, U.S. District Court
880 Front Street, Ste. 4290
San Diego, CA. 92101-8900

/s/

-12-