# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTGOMERY CARL AKERS,<br>BOP #02866-081,<br><br>                              Plaintiff,<br><br>vs.<br><br>JACQUELYN E. ROKUSEK, et al.,<br><br>                              Defendant. | Civil No.   08-0725 H (WMc)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. No. 5]; and**<br><br>**(2) GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT** |

On April 21, 2008, Montgomery Carl Akers ("Plaintiff"), a federal inmate currently incarcerated at the United States Penitentiary in Florence, Colorado and proceeding pro se, filed a civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 397 (1971). In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP").

On April 25, 2008, this Court granted Plaintiff's Motion to Proceed IFP and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See* Apr. 25, 2008 Order at 6-7. Specifically, the Court found that Plaintiff's allegations were

not entirely clear and it appeared that he was seeking monetary damages based on his criminal conviction. *Id.* at 4. Accordingly, Plaintiff was informed that a claim for monetary damages based on an allegedly unconstitutional conviction is not cognizable until the conviction has been invalidated. *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

However, Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court in its Order. *Id.* at 6-7. Instead of filing a First Amended Complaint, Plaintiff is seeking reconsideration of the Court's Order because he believes that the Court has "mischaracterized" the facts in Plaintiff's Complaint. *See* Pl.'s Mot. to Reconsider at 5.

## I.     Plaintiff's Motion for Reconsideration

### A.     Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for re consideration within "30 days of the entry of the ruling."

[2] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

1  decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There
2  may also be other, highly unusual, circumstances warranting reconsideration." *School Dist.*
3  *No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

### B. Discussion

Plaintiff argues in his Motion for Reconsideration that the subject of his Complaint in "no way relate[s] to his underlying conviction in the District of Kansas." Pl.'s Mot. at 6. However, the Court has once again reviewed Plaintiff's original Complaint and finds that it is far from a model of clarity. For instance, Plaintiff claims that he has been incarcerated since 2000 in Ft. Leavenworth, Kansas. *Id.* However, Plaintiff indicates on his Complaint that the alleged constitutional violations occurred in San Diego, California in 2006 and 2007. *See* Compl. at 1. Plaintiff does not inform the Court how his constitutional rights were violated by events in San Diego that occurred while he was incarcerated in Kansas. Neither Plaintiff's Complaint nor his current Motion provide the Court with sufficiently clear facts. However, Plaintiff has been permitted leave to file an Amended Complaint and the Court cautions Plaintiff to clearly identify the facts and how they pertain to the alleged constitutional violations.

Thus, the Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

## II. Conclusion and Order

Accordingly, Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 5]. However, the Court will grant Plaintiff an extension of time to file a First Amended Complaint. Plaintiff must file his First Amended Complaint no later than **July 18, 2008**. Plaintiff is cautioned that he must comply with the Court's Order dated April 25, 2008.

**IT IS SO ORDERED.**

DATED: June 13, 2008

_____
**HON. MARILYN L. HUFF**
United States District Judge