Montgomery Carl Akers
Plaintiff / In Pro Se
#02866-081, USP-MAX
P.O. Box 8500
Florence, Co. 81226



FILED

AUG 21 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    AKK    DEPUTY

United States District Court
Southern District of California

Montgomery Carl Akers          Civil No. 08-0725 H
BOP #02866-081,
                               NOTICE OF APPEAL

          Plaintiff,

    vs.

Jaquelyn E. Rokusek, et al.,

          Defendants

    Comes now the Plaintiff Montgomery Carl

Akers, In Pro Se, with this Notice of Appeal

as described in the "Memorandum of

Points and Authorities" on Page -2.

— 1 —

MEMORANDUM OF POINTS AND AUTHORITIES

The Plaintiff Montgomery Carl Akers, after receiving the Court's order (doc. 11) of August 07, 2008, on August 13, 2008, hereby appeals the Court's order(s) dismissing his complaint and motions for reconsideration and rejection of pleadings that the Plaintiff attempted to file in this Court regarding the above captioned case.

DATED: August 14, 2008    Respectfully Submitted,

Montgomery C. Akers
Plaintiff, in Pro Se

## CERTIFICATE OF SERVICE

I certify that on the date indicated below, I served a copy of this completed appeal statement upon all parties to the appeal as follows:

☐ By personally serving it upon him/her; or

☒ By mailing it by first class mail with sufficient postage prepaid to the following address(es) (list names and address(es) of parties served by mail): *NOTICE OF APPEAL / CASE NO. 08-0725-H*

*CLERK, U.S. DISTRICT Court*
*880 Front Street, Rm. 4290*
*San Diego, CA. 92101 - 8900*

DATED this _14th_ day of _August_, 20_08_.

_____
Signature of ~~Appellant~~ *PLAINTIFF*

*Montgomery Carl Akers*
Print Name of ~~Appellant~~

*#02866-081, U.S. PENITMAX*
*P.O. Box 8500*
Address

*FLORENCE, Co. 81226*
City/State/Zip

*N/A*
Telephone

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

# FILED

2008 JUL 24  PM 3: 11

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

TO: ☑ U. S. DISTRICT JUDGE / ☐ U. S. MAGISTRATE JUDGE    Huff

FROM:  R. Mullin,_____ Deputy Clerk    RECEIVED DATE:  7/18/2008

CASE NO.:  08cv0725 H (WMc)____ DOCUMENT FILED BY:    Plaintiff

CASE TITLE:  Akers v. Rokusek, et al_____

DOCUMENT ENTITLED:  Motion for Reconsideration for the Second Time..._____

Upon the submission of the attached document(s), the following discrepancies are noted:

| ✓ | Local Rule | Discrepancy |
|---|---|---|
| X | 5.1 | **Missing time and date on motion and/or supporting documentation** |
| ☐ | 5.3 | Document illegible or submitted on thermal facsimile paper |
| ☐ | **5.4** | **Document not filed electronically. Notice of Noncompliance already issued.** |
| ☐ | 7.1 or 47.1 | Date noticed for hearing not in compliance with rules/Document(s) are not timely |
| X | 7.1 or 47.1 | **Lacking memorandum of points and authorities in support as a separate document** |
| ☐ | 7.1 or 47.1 | Briefs or memoranda exceed length restrictions |
| ☐ | 7.1 | Missing table of contents |
| ☐ | 15.1 | Amended pleading not complete in itself |
| ☐ | 30.1 | Depositions not accepted absent a court order |
| ☐ | | Supplemental documents require court order |
| ☐ | | Default Judgment in sum certain includes calculated interest |
| X | | **OTHER: Case closed.** |

Date forwarded:    7/21/2008____

## ORDER OF THE JUDGE / MAGISTRATE JUDGE

**IT IS HEREBY ORDERED:**

☐  The document is to be filed nunc pro tunc to date received.

☒  The document is NOT to be filed, but instead REJECTED. and it is ORDERED that the Clerk serve a
copy of this order on all parties.

Rejected document to be returned to pro se or inmate? ☐ Yes.    Court Copy retained by chambers ☐

Counsel is advised that any further failure to comply with the Local Rules may lead to penalties pursuant
to Local Rule 83.1

CHAMBERS OF:  HUFF_____

Dated: 7/24/08_____    By: LCI_____
cc: All Parties

K:\COMMON\FORMS\CIVCRM35.WPD
Form # Civ/Crim 35 (4/98) – [Document Discrepancy / Court Order]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

REJECTED

MONTGOMERY CARL AKERS,
BoP # 02860-081,

            PLAINTIFF,

   VS.

JACQUELYN E. ROKUSEK, ET AL.,

        DEFENDANTS.


MOTION PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE, RULE 59(e) FOR
RECONSIDERATION FOR THE SECOND TIME
OR IN THE ALTERNATIVE A COLLATERAL
ORDER GRANTING NOTICE OF APPEAL TO
BE FILED

COMES NOW THE PLAINTIFF MONTGOMERY

CARL AKERS, IN PRO SE, WITH THE ABOVE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

FILED

2008 JUN 17 AM 10: 38

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TO: ☑ U. S. DISTRICT JUDGE / ☐ U. S. MAGISTRATE JUDGE

FROM: R. Mullin,        Deputy Clerk        RECEIVED DATE        6/9/2008        Huff

CASE NO.:  08cv0725 H (WMc)        DOCUMENT FILED BY:        Plaintiff

CASE TITLE:  Akers v. Rokusek, et al

DOCUMENT ENTITLED:  Motion for Order of Clarification

Upon the submission of the attached document(s), the following discrepancies are noted:

| ✓ | Local Rule | Discrepancy |
|---|---|---|
| X | 5.1 | **Missing time and date on motion and/or supporting documentation** |
| ☐ | 5.3 | Document illegible or submitted on thermal facsimile paper |
| ☐ | **5.4** | **Document not filed electronically. Notice of Noncompliance already issued.** |
| ☐ | 7.1 or 47.1 | Date noticed for hearing not in compliance with rules/Document(s) are not timely |
| X | 7.1 or 47.1 | **Lacking memorandum of points and authorities in support as a separate document** |
| ☐ | 7.1 or 47.1 | Briefs or memoranda exceed length restrictions |
| ☐ | 7.1 | Missing table of contents |
| ☐ | 15.1 | Amended pleading not complete in itself |
| ☐ | 30.1 | Depositions not accepted absent a court order |
| ☐ | | Supplemental documents require court order |
| ☐ | | Default Judgment in sum certain includes calculated interest |
| X | | **OTHER: Improper format.** Case terminated. Plaintiff must comply w/ Court's order dated 6/13/08 to reopen case.        Date forwarded:        6/10/2008 |

### ORDER OF THE JUDGE / MAGISTRATE JUDGE

**IT IS HEREBY ORDERED:**

☐  The document is to be filed nunc pro tunc to date received.

☑  The document is NOT to be filed, but instead REJECTED. and it is ORDERED that the Clerk serve a copy of this order on all parties.

Rejected document to be returned to pro se or inmate? ☐ Yes.    Court Copy retained by chambers ☐

Counsel is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83.1

CHAMBERS OF: Judge Huff

Dated: 6/13/08        By: _____ | PSLC

cc: All Parties

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CIVIL NO. 08-0725 H (WMC)



MONTGOMERY CARL AKERS,
BOP # 02866-081,           PLAINTIFF,

        VS.

JACQUELYN E. ROKUSEK, ET 2L.,

                DEFENDANTS.


MOTION FOR ORDER OF CLARIFICATION


1. ON MAY 05, 2008, THE PLAINTIFF FILED A

MOTION FOR RECONSIDERATION OF THE COURT'S ORDER

OF APRIL 24, 2008, RECEIVED BY THE PLAINTIFF ON

# IN THE SUPREME COURT OF THE STATE OF NEVADA

REJECTED

IN THE MATTER OF THE PROCESSING OF
CIVIL APPEALS INVOLVING LITIGANTS
APPEARING IN PROPER PERSON.

ADKT No. 385

# FILED

MAY 10 2006

JANETTE M. BLOOM
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER EXTENDING PILOT PROGRAM FOR
## CIVIL PROPER PERSON APPEALS

WHEREAS, this court, on June 10, 2005, established a one-year pilot program for civil proper person appeals commencing on June 13, 2005; and

WHEREAS, the one-year pilot program period established by this court's June 10, 2005 order is scheduled to conclude on June 13, 2006;

IT IS HEREBY ORDERED that the pilot program for proper person civil appeals shall be extended and the pilot program shall continue until further order of this court.

DATED this 10th day of May, 2006.

_____, C.J.
Rose

_Becker_ , J.
Becker

_Gibbons_ , J.
Gibbons

_Hardesty_ , J.
Hardesty

_Maupin_ , J.
Maupin

_Douglas_ , J.
Douglas

_Parraguirre_ , J.
Parraguirre

RECEIVED
JUN - 9 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

SUPREME COURT
OF
NEVADA

(O) 1947A

1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   MONTGOMERY CARL AKERS,                    Civil No.    08-0725 H (WMc)
12   BOP #02866-081,

13                            Plaintiff,       **ORDER:**

14              vs.                            **(1)  DENYING PLAINTIFF'S MOTION**
                                               **FOR RECONSIDERATION**
15                                               **[Doc. No. 5]; and**
     JACQUELYN E. ROKUSEK, et al.,
16                                             **(2) GRANTING EXTENSION OF TIME**
                                               **TO FILE FIRST AMENDED**
17                            Defendant.       **COMPLAINT**

18
19
20

21        On April 21, 2008, Montgomery Carl Akers ("Plaintiff"), a federal inmate currently

22   incarcerated at the United States Penitentiary in Florence, Colorado and proceeding pro se, filed

23   a civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau*

24   *of Narcotics*, 403 U.S. 397 (1971).  In addition, Plaintiff filed a Motion to Proceed *In Forma*

25   *Pauperis* ("IFP").

26        On April 25, 2008, this Court granted Plaintiff's Motion to Proceed IFP and dismissed

27   his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

28   *See* Apr. 25, 2008 Order at 6-7.  Specifically, the Court found that Plaintiff's allegations were

1    not entirely clear and it appeared that he was seeking monetary damages based on his criminal

2    conviction. *Id.* at 4. Accordingly, Plaintiff was informed that a claim for monetary damages

3    based on an allegedly unconstitutional conviction is not cognizable until the conviction has been

4    invalidated. *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

5        However, Plaintiff was granted leave to file an Amended Complaint in order to correct

6    the deficiencies of pleading identified by the Court in its Order. *Id.* at 6-7. Instead of filing a

7    First Amended Complaint, Plaintiff is seeking reconsideration of the Court's Order because he

8    believes that the Court has "mischaracterized" the facts in Plaintiff's Complaint. *See* Pl.'s Mot.

9    to Reconsider at 5.

10   **I.    Plaintiff's Motion for Reconsideration**

11       **A.    Standard of Review**

12       The Federal Rules of Civil Procedure do not expressly provide for motions for

13   reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter

14   or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489

15   U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir.

16   1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered

17   a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a

18   decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*,

19   455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district

20   court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

21

22       [1]  However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule
     7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition
23   for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D.
     CAL. CIVLR 7.1(i).  The party seeking reconsideration must show "what new or different facts and
24   circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."
     *Id.* Local Rule 7.1(i)(2), however, only permits motions for re consideration within "30 days of the
25   entry of the ruling."

26       [2]  Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment."
     FED.R.CIV.P. 59(e).  Under Rule 60(b), however, a motion for "relief from judgment or order" may be
27   filed within a "reasonable time," but usually must be filed "not more than one year after the judgment,
     order, or proceeding was entered or taken." FED.R.CIV.P. 60(b).  Reconsideration may be granted in
28   the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence;
     or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other
     reason justifies relief. FED.R.CIV. P. 60(b).

1   decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There

2   may also be other, highly unusual, circumstances warranting reconsideration." *School Dist.*

3   *No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

4       **B.    Discussion**

5       Plaintiff argues in his Motion for Reconsideration that the subject of his Complaint in

6   "no way relate[s] to his underlying conviction in the District of Kansas." Pl.'s Mot. at 6.

7   However, the Court has once again reviewed Plaintiff's original Complaint and finds that it is

8   far from a model of clarity. For instance, Plaintiff claims that he has been incarcerated since

9   2000 in Ft. Leavenworth, Kansas. *Id.* However, Plaintiff indicates on his Complaint that the

10  alleged constitutional violations occurred in San Diego, California in 2006 and 2007. *See*

11  Compl. at 1. Plaintiff does not inform the Court how his constitutional rights were violated by

12  events in San Diego that occurred while he was incarcerated in Kansas. Neither Plaintiff's

13  Complaint nor his current Motion provide the Court with sufficiently clear facts. However,

14  Plaintiff has been permitted leave to file an Amended Complaint and the Court cautions Plaintiff

15  to clearly identify the facts and how they pertain to the alleged constitutional violations.

16      Thus, the Court finds that Plaintiff has provided no newly discovered evidence, has failed

17  to show clear error or that the Court rendered a manifestly unjust decision, and has further failed

18  to identify any intervening changes in controlling law that would demand reconsideration of the

19  Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

20  **II.    Conclusion and Order**

21      Accordingly, Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 5].

22  However, the Court will grant Plaintiff an extension of time to file a First Amended Complaint.

23  Plaintiff must file his First Amended Complaint no later than **July 18, 2008**. Plaintiff is

24  cautioned that he must comply with the Court's Order dated April 25, 2008.

25      **IT IS SO ORDERED.**

26  DATED: June 13, 2008

27

28  _____
    **HON. MARILYN L. HUFF**
    United States District Judge

K:\COMMON\EVERYONE\_EFILE-PROSE\H\08cv0725-reconsideration.wpd.13Jun08                    -3-                                        08cv0725

```
┌─────────────────────────────────────┐
│             FILED                    │
│                                      │
│          APR 2 5 2008                │
│                                      │
│     CLERK, U.S. DISTRICT COURT       │
│  SOUTHERN DISTRICT OF CALIFORNIA     │
│  BY                        DEPUTY    │
└─────────────────────────────────────┘
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MONTGOMERY CARL AKERS,
BOP #02866-081,

                              Plaintiff,

vs.

JACQUELYN E. ROKUSEK, et al.,

                              Defendants.

Civil No.   08-0725 H (WMc)

**ORDER:**

**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT;**

**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**

**[Doc. No. 2]**

       Plaintiff, a federal inmate currently incarcerated at the United States Penitentiary in Florence, Colorado and proceeding pro se, has filed a civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

       Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), but has instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

1 § 1915(a) [Doc. No. 2].[1]

2 **I.    MOTION TO PROCEED IFP [Doc. No. 2]**

3        All parties instituting any civil action, suit or proceeding in a district court of the United

4 States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

5 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only

6 if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*

7 *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however,

8 remain obligated to pay the entire fee in installments, regardless of whether the action is

9 ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

10        Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

11 prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

12 statement (or institutional equivalent) for the prisoner for the six-month period immediately

13 preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account

14 statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

15 in the account for the past six months, or (b) the average monthly balance in the account for the

16 past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.

17 § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must

18 collect subsequent payments, assessed at 20% of the preceding month's income, in any month

19 in which the prisoner's account exceeds $10, and forward those payments to the Court until the

20 entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

21        The Court finds that Plaintiff has submitted a certified copy of his trust account statement

22 pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement

23 indicates that he has insufficient funds from which to pay an initial partial filing fee. Based on

24 this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2]

25 and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) at this time. The

26 Warden of the United States Penitentiary, or his designees, shall collect the $350 and forward

27

28        [1] The Court takes judicial notice that Plaintiff is subject to a sanction order that restricts his abilities to file a *pro se* action in the District of Colorado. *See Akers v. Sandoval*, No. 94-B-2445 (D. Colo. June 20, 1995); *aff'd* 100 F.3d 967 (10th Cir. 1996).

1   it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C.

2   § 1915(b)(1).

3   **II.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(E)(2)(B)(II) AND 1915A(B)(1)**

4          Notwithstanding IFP status or the payment of any partial filing fees, the Court must

5   subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening

6   and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a

7   claim upon which relief may be granted, or seeking monetary relief from a defendant immune

8   from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.

9   2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v.*

10  *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

11  only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that

12  fails to state a claim).

13         Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte

14  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as

15  amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to

16  the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing

17  the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at

18  845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir.

19  1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of

20  process is made on the opposing parties").

21         "[W]hen determining whether a complaint states a claim, a court must accept as true all

22  allegations of material fact and must construe those facts in the light most favorable to the

23  plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194

24  (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

25  *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's

26  pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

27  which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

28  (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the

1    court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*

2    *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

3         In Plaintiff's Complaint, he claims that his constitutional rights were violated when his

4    office in San Diego was searched by several Special Agents for the Federal Bureau of

5    Investigation ("FBI") who claimed to have a search warrant.  Plaintiff alleges that the FBI

6    Agents told him the basis for the search warrant was with respect to "crimes in violation of

7    Federal law that originated in Leavenworth, Kansas." (Compl. at 5.)  While not entirely clear,

8    it appears that Plaintiff was later charged and convicted of participating in a "check fraud

9    scheme." (*Id.* at 11.)

10         However, Plaintiff's allegations that his constitutional rights were violated by the actions

11    of Federal agents which led to his incarceration are not yet cognizable.  In order to recover

12    damages for an allegedly unconstitutional conviction, Plaintiff must show that his criminal

13    conviction has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994);

14    *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully

15    exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512

16    U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004).  The Ninth Circuit has held that the *Heck*

17    rationale applies to *Bivens* actions.  *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

18         *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction

19    or imprisonment, or for other harm caused by actions whose unlawfulness would render a

20    conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been

21    reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

22    authorized to make such determination, or called into question by a federal court's issuance of

23    a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  A claim for damages challenging the

24    legality of a conviction or sentence that has not been so invalidated is not cognizable. *Id.* at 487;

25    *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

26    ////

27    ////

28    ////

1    In *Heck*, the Supreme Court held that:

2    when a state prisoner seeks damages in a section 1983 suit, the
      district court must consider *whether a judgment in favor of the*
3    *plaintiff would necessarily imply the invalidity of his conviction or*
      *sentence*; if it would, the complaint must be dismissed unless the
4    plaintiff can demonstrate that the conviction or sentence has already
      been invalidated.   But if the district court determines that the
5    plaintiff's action, even if successful, will not demonstrate the
      invalidity of any outstanding criminal judgment against the plaintiff,
6    the action should be allowed to proceed.

7    *Heck*, 512 U.S. at 487 (emphasis added).  An action that is barred by *Heck* should be dismissed

8    for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds

9    in invalidating his conviction.  *Edwards*, 520 U.S. at 649.

10    Here, Plaintiff's illegal search and seizure claims "necessarily imply the invalidity" of

11    his criminal conviction.  *Heck*, 512 U.S. at 487; *see also Cabrera v. City of Huntington Park*,

12    159 F.3d 374 (9th Cir. 1998) (holding that *Heck* barred false arrest and false imprisonment

13    claims until conviction was invalidated).  Accordingly, because Plaintiff seeks damages for an

14    allegedly unconstitutional search which led to his criminal conviction and because he has not

15    alleged that his conviction has already been invalidated, a *Bivens* claim for damages has not yet

16    accrued.  *See Heck*, 512 U.S. at 489-90.

17    Moreover, even if Plaintiff could show that the criminal convictions upon which his

18    claims are based have already been terminated in his favor, his Complaint still must be dismissed

19    pursuant to 28 U.S.C. § 1915(e)(2) to the extent it seeks monetary damages against the Assistant

20    United States Attorney who prosecuted his case.  Criminal prosecutors are absolutely immune

21    from civil damages suits premised upon acts committed within the scope of their official duties

22    which are "intimately associated with the judicial phase of the criminal process." *Imbler v.*

23    *Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73

24    (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991).  A prosecutor is immune even when the

25    prosecutor's malicious or dishonest action deprived the defendant of his or her liberty.

26    *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

27    Thus, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief

28    may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) &

1  1915A(b).  The Court will provide Plaintiff with an opportunity to amend his pleading to cure

2  the defects set forth above.  Plaintiff is warned that if his amended complaint fails to address the

3  deficiencies of pleading noted above, it will be dismissed with prejudice and without leave to

4  amend.

5  **III.    Conclusion and Order**

6          1.       Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]

7  is **GRANTED**.

8          2.       The Warden of the United States Penitentiary in Florence, Colorado, or his

9  designee, is ordered to collect from Plaintiff's prison trust account the $350.00 balance of the

10  filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account

11  in an amount equal to twenty percent (20%) of the preceding month's income credited to the

12  account and forward payments to the Clerk of the Court each time the amount in the account

13  exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL MONTHLY PAYMENTS

14  SHALL BE CLEARLY IDENTIFIED BY THAT NAME AND NUMBER ASSIGNED TO

15  THIS ACTION.

16          3.       The Clerk of the Court is directed to serve a copy of this Order on Warden, United

17  States Penitentiary Florence ADMAX, P.O. Box 8500, Florence, Colorado, 81226.

18          **IT IS FURTHER ORDERED** that:

19          4.       Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim

20  upon which relief may be granted and for seeking monetary damages against immune

21  defendants.  *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  However, Plaintiff is **GRANTED**

22  forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended

23  Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended

24  Complaint must be complete in itself without reference to the superseded pleading.  *See* S. D.

25  CAL. CIVLR. 15.1.  Defendants not named and all claims not re-alleged in the Amended

26  Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

27  1987).

28  ////

1    Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief

2  may be granted, it may be dismissed without further leave to amend and may hereafter be

3  counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79

4  (9th Cir. 1996).

5      5.    The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

6  **IT IS SO ORDERED.**

7  DATED:  4/24/08

HON. MARILYN L. HUFF
United States District Judge

# Notice of Appeal Notification Form

**To:**   Clerk, U.S. Court of Appeals                         **Date:** 8/22/2008
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title:    Montgomery Carl Akers v. Jacquelyn E. Rokusek, Special Agent, Office of the US
Attorney; Nicholas Voulgaris, Special Agent; James Keszei, Special Agent, FBI; Kim I.
Martin, Assistant U.S. Attorney; Christopher Johnson, Deputy U.S. Marshal; Raymond
Capiettra, Special Agent; Anita Jenkins, Special Agent; J. Shields, Special Agent;
George Green, Special Agent

U.S.D.C. No.:    08cv725-H- WMc                    U.S.D.C. Judge:   Marilyn L. Huff

Complaint/Indictment/Petition Filed:    Complaint

Appealed Order Entered:    7/25/2008, 6/17/2008, 6/13/2008

Notice of Appeal Filed:    8/21/2008

Court Reporter:    n/a

COA Status:    [ ] Granted in full/part (appeal only)          [ ] Denied (send clerk's file)

### Docket Fee Notification
Docket Fee:    [ ] Paid          [ ] Not Paid          [x] No Fee Required

USA/GOVT. APPEAL:    [ ] Yes    [x] No

Date F/P granted (Show Date and Attach Copy of Order):    4/25/2008

Was F/P Status Revoked?    [ ] Yes    [x] No

Companion Case(s): (Please list consolidated cases, if applicable)

## Counsel Information
**Appellant Counsel:**                         **Appellee Counsel:**

Montgomery Carl Akers                          No Appearances
02866-081
U.S. Penitentiary- ADX
PO Box 8500
Florence, CO 81226

Counsel Status:    [ ] Retained          [ ] Appointed          [x] Pro Se
Appointed by:
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number:  ___02866-081_____

Bail:  _____

Custody:  _____x_____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule.  (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: Discrepancy Order rejecting document, entered 7/25/2008; Discrepancy Order rejecting document, entered 6/17/2008; Order (1) Denying Plaintiff's Motion for Reconsideration; and (2) Granting Extension of Time to File First Amended Complaint, entered 6/13/2008; Order (1) Granting Motion to Proceed *in forma pauperis* Imposing No Initial Partial Filing Fee and Garnishing $350 Balance from Prisoner's Trust Account; and (2) Dismissing Complaint for Failure to State a Claim Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), entered 4/25/2008. |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

_Angela Rowland_____               _A Rowland_____

Deputy's Name                                                           Deputy's Signature

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:     Clerk, U.S. Court of Appeals
        P.O. Box 193939
        San Francisco, CA 94119-3939

Re:     **USCA No:**
        **USDC No:        08cv725-H-WMc**
        **Akers v. Rokusek et al**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | |
|---|---|---|---|
| x | Copy of the Notice of Appeal | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in _____ set(s) of _____ volume(s). | | |
| | Reporter's transcript's transcripts in _____ set(s) of _____ volume(s). | | |
| | Exhibits in _____ envelope(s) _____ box(es) _____ folders(s) | | |
| | Judgement Order | F/P Order | |
| | CJA Form 20 | Minute Order | |
| | Certificate of Record | Mandate Return | |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| x | Discrepancy Order rejecting document, entered 7/25/2008; Discrepancy Order rejecting document, entered 6/17/2008; Order (1) Denying Plaintiff's Motion for Reconsideration; and (2) Granting Extension of Time to File First Amended Complaint, entered 6/13/2008; Order (1) Granting Motion to Proceed in forma pauperis Imposing No Initial Partial Filing Fee and Garnishing $350 Balance from Prisoner's Trust Account; and (2) Dismissing Complaint for Failure to State a Claim Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), entered 4/25/2008. | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: *A Rowland*

Angela Rowland, **Deputy**

Date: 8/22/08